Shafik RAGHEB, Plaintiff,

v.

BLUE CROSS AND BLUE SHIELD OF MICHIGAN, a nonprofit corporation, Defendant.

Civ. No. 8–72821.

United States District Court, E. D. Michigan, S. D.

March 21, 1979.

---

1. *Brown v. General Services Administration*, 425 U.S. 820, 833, 96 S.Ct. 1961, 1968, 48 L.Ed.2d 402 (1976).

Mark Heinen, Detroit, Mich., for plaintiff.

Karen S. Kienbaum, Detroit, Mich., for defendant.

## MEMORANDUM

THORNTON, District Judge.

Plaintiff herein has filed a Motion for Rehearing of part of defendant's Motion to Strike and for Partial Summary Judgment filed December 18, 1978, argued January 31, 1979 and determined adversely to plaintiff by Order of this Court entered February 2, 1979. At issue is the standing of plaintiff herein to include a Section 1981 claim (42 U.S.C. § 1981), in his Complaint against defendant, based on "retaliation." This Court ruled in its Order of February 2, 1979 that plaintiff may not invoke Section 1981 as the basis for charging discrimination based on national origin—that the statute does not confer jurisdiction on the basis of national origin. See second paragraph of said Order.

In moving for rehearing plaintiff relies on *Winston v. Lear-Siegler*, 558 F.2d 1266 (6th Cir. 1977) citing his failure to have been aware of said opinion at the time defendant's Motion to Strike and for Summary Judgment was argued. *Lear-Siegler*

is indeed authority for the "retaliation" theory of Section 1981 jurisdiction. The Sixth Circuit opinion therein concludes as follows:

> In conclusion, the issue of whether or not the white plaintiff in this action has standing to sue his former employer under 42 U.S.C. § 1981 for discharging him in alleged retaliation for plaintiff's protesting the alleged discriminatory firing of a black coworker is one of first impression in this Circuit. The only other Circuit having reportedly addressed the issue has resolved it in the affirmative. *DeMatteis v. Eastman Kodak Co., supra* [511 F.2d 306]. *DeMatteis* reached its conclusion based upon its understanding of the Supreme Court's decision in *Sullivan v. Little Hunting Park* [396 U.S. 229, 90 S.Ct. 400, 24 L.Ed. 386] to be " . . . that a white person who has been . . . 'punished for trying to vindicate the rights of (non-white) minorities . . .' has standing to sue under § 1981." *DeMatteis, supra,* at 312. While the Supreme Court only specifically addressed this issue with respect to Section 1982, the plaintiff in *Sullivan* did file his action pursuant to Section 1981 as well as Section 1982. Moreover, in view of both Sections 1981 and 1982 being derived from the Civil Rights Act of 1866 and in view of the similarity in language and intent, no reason is seen not to apply the rationale of *Sullivan* in interpreting Section 1981.

> The judgment of the District Court is REVERSED and the case remanded with instructions to reinstate the complaint of the appellant in accordance with this opinion.

A reading of plaintiff's Complaint herein discloses that in paragraphs 14, 15 and 16, all repeated and realleged in paragraph 17 (setting forth the Section 1981 claim), plaintiff alleges denial of equal employment opportunity because of his national origin *and because of his involvement in equal employment opportunity investigations,* citing two specific examples documented by dates. Mention is not made that these were racial situations but plaintiff in his brief support-

96

ing his motion for rehearing affirms that they were.

In light of the foregoing, it is the opinion of the Court that the Section 1981 claim should remain viable so as to provide plaintiff with the opportunity to properly substantiate it in accordance with the *Lear-Siegler* rationale interpreting Section 1981.

It appears to the Court that there is no need for further pleading-oriented proceedings with respect to the Section 1981 issue.

An Order may be presented in conformance with the foregoing.