Donald W. ROBINSON, Plaintiff,

v.

N & C CONSTRUCTION CO., et al., Defendants.

No. 1:90 CV 0191.

United States District Court,
N.D. Ohio, E.D.

July 16, 1991.

Robert J. Churilla, Bedford, Ohio, for plaintiff.

Glenn Billington, Cleveland Heights, Ohio, for N & C Const. Co.

Jerome W. Cook, Weston, Hurd, Fallon, Paisley & Howley, Cleveland, Ohio, for J.L. Foti Const. Co., Inc.

Dennis L. Conti and Dennis Winston, Forbes, Forbes & Teamor, Cleveland, Ohio, for Donley Inc.

## ORDER

BATTISTI, District Judge.

Before the court are Defendant J.L. Foti Construction Co., Inc.'s ("Foti") motion to dismiss and Defendant Donley Inc.'s ("Donley") motion for partial summary judgment. Plaintiff Donald W. Robinson alleges that Defendants Foti, Donley and N & C Construction Co. ("N & C") failed to hire him due to his race and in retaliation for his past challenges to allegedly unlawful employment practices. Specifically, Robinson claims that the Defendants have acted in violation of federal and state antidiscrimination laws. 42 U.S.C. §§ 1981 & 2000e–3(a) (1988); Ohio Rev.Code Ann. § 4112.99 (Anderson 1991). The Plaintiff seeks a declaratory judgment, injunctive relief, backpay, and compensatory and punitive damages.

Jurisdiction in the federal district court is predicated upon the alleged violations of federal statutory law and the doctrine of pendent jurisdiction. 28 U.S.C. §§ 1331, 1343(a)(4), and 42 U.S.C. §§ 2000e–5(f)(1) & (3).

For the reasons stated herein, both Donley's motion for summary judgment and Foti's motion to dismiss are DENIED.

## I. FACTUAL BACKGROUND

Although the Plaintiff's allegations are somewhat sketchy, they are, nonetheless, sufficient to meet the pleading requirements of the Federal Rules of Civil Procedure. In effect, the Plaintiff claims that the Defendants, all contractors on the Lake County Jail Project, failed to hire him because of both his race, Plaintiff's First Amended Complaint, at ¶¶ 3.7, 4.7 [1], and his "previous filing of charges against the defendant and other construction companies and [the Laborers International Union of North America AFL–CIO No. 496]." Plaintiff's First Amended Complaint, at ¶¶ 2.2, 3.2, 4.2 (Title VII claims). *See also id.*, at ¶¶ 5.2, 6.2, 7.2 (§ 1981 claims).

Robinson claims that the suit arises out of his "attempts to be hired as a laborer at the Lake County Jail Project," Plaintiff's First Amended Complaint, at ¶ 1.1, but fails to make specific allegations regarding the dates of his job applications. The most specific information in this area is found in the Plaintiff's Charges of Discrimination, filed with the EEOC on November 2, 1987. *See id.*, Exhibits A, B & C.

In his November 2, 1987 charges the Plaintiff claimed that he "applied for a laborers job with [the Defendants] at the Lake County Jail Project." Plaintiff's First Amended Complaint, Exhibits A, B, C (copies of Charges of Discrimination filed by the Plaintiff with the EEOC on November 2, 1987). In the box labelled "DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE[,]" the Plaintiff entered May 15, 1987. *Id.* Presumably, this is one date on which he applied to the Defendants for a job.

The complaint further infers that the Plaintiff has applied for positions on other occasions up to the completion of the project in 1989. *Id.*, at ¶¶ 3.9, 4.9.

Plaintiff filed the instant action on January 14, 1990, and his First Amended Complaint was filed on May 25, 1990.[2]

## II. DEFENDANT DONLEY'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Donley's motion for summary judgment focuses solely on the § 1981 claim embodied in Plaintiff's sixth cause of action. Donley alleges that the § 1981 claim (1) is not timely, and (2) by focusing on an area protected by Title VII goes beyond the legitimate scope of § 1981 claims.

---

1. No charge of racial discrimination, as opposed to retaliatory discrimination for past activities, is made against N & C. Further, allegations of racial discrimination are made only in the context of Plaintiff's Title VII claims, not his § 1981 claims.

2. Currently pending before the court is Plaintiff's motion for leave to file a second amended complaint. Plaintiff wishes to add another Title VII charge against Donley after having received a right to sue letter for a charge filed with the EEOC on January 13, 1988.

## A. *Standard of Review*

The granting of summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In considering a motion for summary judgment, the court must view all facts and inferences in a light most favorable to the nonmoving party. *Sims v. Memphis Processors, Inc.*, 926 F.2d 524, 527–28 (6th Cir.1991) (citation omitted).

"The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action." *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir.1989) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). By contrast, the nonmoving party "is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial." *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987) (citing *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 288–89, 88 S.Ct. 1575, 1592–93, 20 L.Ed.2d 569 (1968)). The nonmoving party is required to go beyond the pleadings "and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate specific fact showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

## B. *Statute of Limitations*

■ As is discussed in detail below, the court need not address the continuing violation issue in light of the fact that Plaintiff has alleged actual acts within the statutory period. For this reason, the Affidavit of Joseph Dixon, Donley's Project Superintendent, is insufficient to support a grant of summary judgment. *See* Defendant Donley's Motion for Partial Summary Judgment, Exhibit E (Affidavit of Joseph Dixon). The Dixon Affidavit focuses solely on the two job applications that were the subject of Plaintiff's EEOC charges. The scope of the Plaintiff's § 1981 claim, however, is not limited by the scope of his EEOC charges.

■ The Dixon Affidavit does not attempt to refute the Plaintiff's claim that Donley failed to hire him pursuant to job applications made during the statutory period. Donley may argue that it is impossible to refute that which is not specifically identified in the complaint, but the determination of subsequent dates of application could have been easily accomplished by means of the discovery process.

In light of the Plaintiff's unchallenged assertion that he was discriminated against during the statutory period, the court finds that summary judgment is inappropriate.

## C. *Overlap of Title VII and Section 1981*

Donley relies on *Williams v. First Union National Bank of North Carolina*, 920 F.2d 232 (4th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 2259, 114 L.Ed.2d 712 (1991), and *Overby v. Chevron U.S.A., Inc.*, 884 F.2d 470 (9th Cir.1989), to support its contention that Robinson's § 1981 claim goes beyond the statute's proper scope.

Section 1981 reads as follows:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981 (1988). In *Runyan v. McCrary*, 427 U.S. 160, 168, 96 S.Ct. 2586, 2593, 49 L.Ed.2d 415 (1976), the Court held that § 1981 "prohibits racial discrimination in the making and enforcement of private contracts." The Court later held, however,

that "[s]ection 1981 cannot be construed as a general proscription of racial discrimination in all aspects of contract relations, for it expressly prohibits discrimination only in the making and enforcement of contracts." *Patterson v. McLean Credit Union*, 491 U.S. 164, 176, 109 S.Ct. 2363, 2372, 105 L.Ed.2d 132 (1989).

Both *Williams* and *Overby*, as well as the entire line of cases from which they are drawn, deal with the attempts of plaintiffs to stretch § 1981 to provide protection against retaliatory discharge or retaliatory working conditions. The Sixth Circuit has recently adopted the *Williams/Overby* approach to the problem, holding that in light of *Patterson*, alleged discriminatory discharges fall outside the proper scope of § 1981. *Prather v. Dayton Power & Light Co.*, 918 F.2d 1255, 1258 (6th Cir.1990). The reason for the court's holding was its conclusion that the discharges did not interfere with the plaintiffs' rights to make or enforce contracts. *Id.* at 1257; *see also Hull v. Cuyahoga Valley Board of Education*, 926 F.2d 505, 508–9 (6th Cir.1991).

■ In the instant case, however, the Plaintiff claims that the Defendants interfered with his right to make an employment contract. The actions in question, therefore, fall within the stage of contractual relationships to which § 1981 applies. *See Patterson*, 491 U.S. at 176–77, 109 S.Ct. at 2372–73 (stating that "[t]he statute prohibits, when based on race, the refusal to enter into a contract with someone, as well as the offer to make a contract only on discriminatory terms.").

■ The applicability of § 1981 to claims of retaliatory failure to hire, however, is a more difficult question. Donley asserts that the *Williams/Overby* line of cases stands for the proposition that retaliatory conduct in general is not within the scope of § 1981. In other words, Donley focuses on the word "retaliatory" in the courts' prohibition of § 1981 claims in cases of "retaliatory discharge." Donley's argument is bolstered by the Supreme Court's warning that courts "should be reluctant ... to read an earlier statute [§ 1981] broadly where the result is to circumvent

the detailed remedial scheme constructed in a later statute [Title VII]." *Patterson*, 491 U.S. at 181, 109 S.Ct. at 2375.

It seems clear, however, that Donley has focused on the wrong word in the term "retaliatory discharge." The relevant inquiry after *Patterson* is not whether the discrimination was racial or retaliatory, but rather, whether the discrimination interfered with a plaintiff's right to make or enforce a contract. A careful examination reveals that this was the basis of the decision in *Patterson*, as well as in the *Williams/Overby* line of cases.

In discussing the overlap between § 1981 and Title VII, the *Patterson* Court stated:

Of course, some overlap will remain between the two statutes: specifically, a refusal to enter into an employment contract on the basis of race. Such a claim would be actionable under Title VII as a "refus[al] to hire" based on race, 42 U.S.C. § 2000e–2(a), and under § 1981 as an impairment of "the same right ... to make ... contracts ... as ... white citizens," 42 U.S.C. § 1981. But this is precisely where it would make sense for Congress to provide for the overlap. At this stage of the employee-employer relation Title VII's mediation and conciliation procedures would be of minimal effect, for there is not yet a relation to salvage.

491 U.S. at 182, 109 S.Ct. at 2375. This reasoning applies just as forcefully to a situation where a black prospective employee believes he has been denied a job in retaliation for his previous filing of EEOC charges.

"It is well settled that § 1981 redresses only racial discrimination." *Ana Leon T. v. Federal Reserve Bank of Chicago*, 823 F.2d 928, 931 (6th Cir.1987) (citing *Runyan*, 427 U.S. at 168, 96 S.Ct. at 2368), *cert. denied*, 484 U.S. 945, 108 S.Ct. 333, 98 L.Ed.2d 360 (1987). The Sixth Circuit has long recognized, however, the right of an individual to bring a claim under § 1981 for retaliatory action where an underlying racial animus is alleged. *Winston v. Lear–Siegler, Inc.*, 558 F.2d 1266, 1270 (6th Cir. 1977). In a similar case, involving a plaintiff who alleged that his claims of retalia-

tion arose from a situation involving racial animus, the court determined that in light of the holding in *Winston*, "the Section 1981 claim should remain viable so as to provide plaintiff with the opportunity to substantiate" the claims of racial animus. *Ragheb v. Blue Cross and Blue Shield of Michigan*, 467 F.Supp. 94, 96 (E.D.Mich. 1979).

It has been noted in dicta that "... *Patterson* might be thought to foreclose any suggestion that retaliation could be actionable under [§ 1981,]" *Malhotra v. Cotter & Co.*, 885 F.2d 1305, 1312 (7th Cir.1989) (Posner, J.).[3] The weight of the case law supporting recognition of § 1981 retaliation claims,[4] however, supports the conclusion reached in *Winston*. Accordingly, this court is bound by precedent to recognize § 1981 retaliation claims of this nature in the absence of a post-*Patterson* Sixth Circuit reinterpretation of § 1981 indicating otherwise.

Inasmuch as the incidents in question involved the Plaintiff's right to make contracts, and Plaintiff's allegations of retaliation center on claims of racial animus, the court finds that Plaintiff's claim falls within the proper scope of § 1981.

## III. DEFENDANT FOTI'S MOTION TO DISMISS

### A. *Standard of Review*

"For purposes of [a] motion to dismiss, the complaint is construed in the light most favorable to plaintiff and its allegations are taken as true." 5A C. Wright & A. Miller, Federal Practice and Procedure, § 1357 at 304 (2d ed. 1990). The court is obviously not required to accept as true "legal conclusions that may be alleged...." *Blackburn v. Fisk University*, 443 F.2d 121, 124 (6th Cir.1971).

With regard to civil rights cases, the Sixth Circuit has stated:

"Dismissals of complaints under the civil rights statutes are scrutinized with special care. A complaint need not set down in detail all the particularities of a plaintiff's claim against a defendant. Rule 8(a)(2) simply requires 'a short and plain statement of the claim showing that the pleader is entitled to relief....' Fed.R. Civ.Pro. 8(1)(2) [sic]. All a complaint need do is afford the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.' [citation omitted]. A motion to dismiss under Rule 12(b)(6) should not be granted 'unless *it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'*"

*Brooks v. American Broadcasting Companies, Inc.*, 932 F.2d 495, 497 (6th Cir. 1991) (quoting *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir.1988)).

### B. *Title VII Claims*

Foti argues that the Plaintiff's Title VII claim must be dismissed because it fails to allege the factors necessary to establish a

**3.** But see *Malhotra v. Cotter & Co.*, 885 F.2d 1305, 1314 & n. 1 (7th Cir.1989) (Cudahy, J., concurring) (stating that "[a] prohibition against retaliation is a necessary adjunct to the anti-discriminatory provision itself[,]" and that "the refusal of *Patterson* to countenance harassment claims under section 1981 has only the most superficial application to claims for retaliation[,]" and, in fact "would appear to support the recognition of a cause of action for retaliatory conduct."); and *id.* at 1318 (Ripple, J., concurring) (stating that "[w]ith respect to the matter of retaliation, Judge Cudahy's analysis, consonant with the approach of other circuits, certainly presents a strong case.").

**4.** See, e.g., *Skinner v. Total Petroleum, Inc.*, 859 F.2d 1439, 1447 (10th Cir.1988) (stating that "an employee who has been the subject of employer retaliation because of his efforts to vindicate the rights of racial minorities may bring an action under § 1981."); *Setser v. Novack Investment Co.*, 638 F.2d 1137, 1147 (8th Cir.1981) (holding in the context of a case involving a prospective employee that "a § 1981 cause of action encompasses appellant's allegations of retaliatory conduct by the appellees following the filing of appellant's claim for racial discrimination with the EEOC."), *modified on other grounds*, 657 F.2d 962 (8th Cir.1981), *cert. denied*, 454 U.S. 1064, 102 S.Ct. 615, 70 L.Ed.2d 601 (1981); *Fielder v. Marumsco Christian School*, 631 F.2d 1144, 1150 (4th Cir.1980) (stating that § 1981 applies to cases of retaliatory behavior where there is an underlying racial animus); *DeMatteis v. Eastman Kodak Co.*, 511 F.2d 306, 312 (2d Cir.1975), *modified on other grounds*, 520 F.2d 409 (2d Cir.1975).

retaliation claim. The Sixth Circuit identified the necessary elements of a prima facie case of retaliatory treatment to be: (1) that plaintiff engaged in an activity protected by Title VII; (2) that the exercise of his civil rights was known by the defendant; (3) that, thereafter, the defendant took an employment action adverse to the plaintiff; and (4) that there was a causal connection between the protected activity and the adverse employment action. *Wrenn v. Gould,* 808 F.2d 493, 500 (6th Cir.1987).

Plaintiff is not, however, required to make a prima facie case during the pre-discovery phase of litigation, and it is clear that his complaint has alleged each of these factors. If Foti truly felt that the notice pleading requirements of the Federal Rules of Civil Procedure had not been met, it could have filed a motion pursuant to Rule 12(e). Barring this, Foti has available the discovery procedure to clarify Plaintiff's allegations. In addition, the Federal Rules provide protection for parties who are the target of frivolous pleadings. Fed.R.Civ.P. 11. Foti's motion to dismiss the Title VII claim is DENIED.

### C. *Section 1981 Claims*

Foti claims that the Plaintiff's § 1981 claim must be dismissed as barred by the statute of limitations. In so doing, it presents a strong argument that Plaintiff should not be allowed to claim a continuing violation in the instant case.

It is not appropriate, however, for the court to reach the issue of continuing violation at this time. Despite its sketchiness, Plaintiff's complaint alleges retaliatory failure to hire within the two year statutory period. *See* Plaintiff's First Amended Complaint, at ¶ 6.2. This necessarily means that Plaintiff is claiming to have applied for jobs during this period.

Inasmuch as Foti will be involved in the discovery process with regard to Plaintiff's Title VII and state law claims, the investigation of Plaintiff's § 1981 allegations will add no substantial burden. Should Foti determine that the Plaintiff did not apply for jobs within the statutory period it may seek summary judgment and consider the issue of continuing violation fully briefed.

If it turns out that the Plaintiff did apply for jobs during the statutory period, then the determination of whether there has been a continuing violation will be relevant only to the issue of damages. Either way, resolution of this issue is best left until the record has been better developed.

Accordingly, Foti's motion to dismiss Plaintiff's § 1981 claim is DENIED.

### D. *Section 4112.99 Claims*

Foti argues that the Plaintiff's § 4112.99 claim must be dismissed because the incidents alleged occurred before September 27, 1987, the effective date of the statute. Plaintiff's complaint clearly alleges violations after September 27, 1987. *See* Plaintiff's Second Amended Complaint, at ¶ 8.2; *see also Penn v. Rockwell International Corp.,* 756 F.Supp. 1040 (S.D. Ohio 1990) (holding that under Ohio law, § 4112.99 is not to be applied retroactively).

Foti, however, must do more than merely describe Plaintiff's claim as "contrived" to warrant its dismissal. As discussed in the context of Plaintiff's § 1981 claims, if Foti has or can obtain evidence that the Plaintiff did not apply for jobs during the relevant period, he should submit an appropriate motion for summary judgment.

As drafted Plaintiff's complaint states a claim for relief under § 4112.99. Accordingly, Foti's motion to dismiss is DENIED.

## IV. CONCLUSION

Defendant Foti's motion to dismiss and Defendant Donley's motion for partial summary judgment are DENIED.

IT IS SO ORDERED.