982 F.2d 528
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Edna Ruth HARRIS, Plaintiff-Appellant,
v.
AMERICAN MEDICAL INTERNATIONAL, INC.; Walter Weisman;
George Walter; David Gore; Shirley Hoffman;
Presbyterian/Saint Luke's Medical
Center; Jeanne Coakley
Beethe, Defendants-Appellees.
 No. 91-1354.
 United States Court of Appeals, Tenth Circuit.
 Dec. 8, 1992.
 
 Before JOHN P. MOORE and TACHA, Circuit Judges, and SAFFELS,* Senior District Judge.
 ORDER AND JUDGMENT**
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Edna Harris was employed as a licensed practical nurse by defendant Presbyterian/Saint Luke's Medical Center (P/SL) on July 13, 1981. In late 1984, she was suspended for three days following an incident with a patient. As a result, plaintiff, who is black, filed a discrimination charge with the Equal Employment Opportunity Commission (EEOC). Shortly thereafter, P/SL filed two complaints against her with the Colorado Board of Nursing. Eventually, plaintiff filed a civil rights action under 42 U.S.C. § 1981 and the Thirteenth Amendment against P/SL and defendant Jeanne Coakley Beethe, alleging both discriminatory suspension and retaliation. See Aplt.App. Vol. X, tab 20 (Complaint in D.C. No. 85-K-1987). The district court granted summary judgment, and this court affirmed on appeal. See Harris v. Presbyterian/Saint Luke's Medical Ctr., No. 91-1125 (10th Cir. Nov. 6, 1991).
 
 
 3
 In the meantime, P/SL was acquired by defendant American Medical International (AMI), and plaintiff was terminated for threatening to retaliate against complaining patients. She then brought the present action under 42 U.S.C. § 1981, § 1985(3), and § 1986, alleging her termination was the result of a conspiracy motivated by racial discrimination and retaliation. The case was disposed of in three stages. On September 19, 1990, the district court dismissed all claims against P/SL and Ms. Beethe for lack of any allegations indicating their role in the conspiracy or the events complained of. Aplt.App. Vol. I at 167, 168-70 (bench ruling on motions to dismiss). On January 29, 1991, the district court granted summary judgment for the remaining defendants on plaintiff's claims under §§ 1985(3) and 1986, citing both (1) the absence of facts or factual allegations supporting the conclusory assertion of conspiracy, and (2) the intracorporate character of the alleged conspiracy. Id. at 172, 173-74 (bench ruling on motion for partial summary judgment). Finally, on September 9, 1991, the district court entered an order dismissing plaintiff's § 1981 claim for discriminatory and retaliatory discharge in reliance on Patterson v. McLean Credit Union, 491 U.S. 164 (1989). Aplt.App. Vol. I at 159, 163. On appeal, plaintiff challenges all of these rulings as well as the denial of her motion under Fed.R.Civ.P. 11 seeking sanctions for untimely compliance with a discovery request. See id.
 
 September 19, 1990, Order
 
 4
 Plaintiff's initial argument is procedural. She contends the district court erred in dismissing the claims against P/SL and Ms. Beethe "without [first] issuing a Rule 16(b) scheduling order limiting the time to complete discovery." Opening Br. at 7. Plaintiff does not explain how the absence of an order limiting discovery would have any bearing on a motion to dismiss, much less does she cite pertinent authority in support of her position. Furthermore, P/SL notes the issue was not even raised in opposition to the motion to dismiss. Answer Br. of P/SL at 3. Indeed, the district court's docket reveals that plaintiff filed a motion for a scheduling order under Rule 16(b)--which was promptly granted--only after the district court dismissed the claims against P/SL and Ms. Beethe. This issue is meritless. See generally Phillips v. Calhoun, 956 F.2d 949, 953-54 (10th Cir.1992).
 
 
 5
 Next, plaintiff specifically challenges the district court's dismissal of her § 1985(3) conspiracy claim against P/SL and Ms. Beethe.[1] In essence, she argues that under the principle of notice pleading, recitation of the statutory language coupled with a reference to adverse employment actions suffices to state a § 1985(3) claim--even against defendants not included in the operative allegations. See Opening Br. at 8-10; Aplt.App. Vol. I at 1, 2 (paragraphs 2 and 4 of the complaint). We agree with the district court that plaintiff's conclusory allegations of conspiracy lack the supporting factual detail necessary to sustain a claim for relief. See, e.g., Drake v. City of Fort Collins, 927 F.2d 1156, 1159, 1162-63 (10th Cir.1991) (conclusory allegation of conspiracy in connection with adverse employment action insufficient to state a claim under § 1985(3)); see also Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir.1989) (plaintiff must provide "specific facts showing agreement and concerted action" to sustain civil rights conspiracy claim); Clulow v. Oklahoma, 700 F.2d 1291, 1296, 1303 (10th Cir.1983) (conclusory allegation of conspiracy without supporting factual averments insufficient to state claim).
 
 
 6
 As a last resort, plaintiff maintains that she was entitled, in any event, to amend her (already amended) complaint to cure the noted pleading deficiency and, therefore, the district court erred in dismissing the conspiracy claims with prejudice. However, plaintiff does not assert, nor does the record show, that she actually submitted or sought leave to submit such a curative amendment. Accordingly, the district court's final disposition of the matter was proper under the circumstances. See Glenn v. First Nat'l Bank, 868 F.2d 368, 369-71 (10th Cir.1989).
 
 January 30, 1991, Order
 
 7
 Plaintiff raises a number of procedural and substantive objections to the district court's ruling on the intracorporate nature of the alleged conspiracy among the remaining defendants. See Opening Br. at 10-18. As already noted, however, that ruling was just one of two alternative rationales given for dismissing these conspiracy claims. Before the district court turned to the "even more important reason" for dismissal provided by the intracorporate conspiracy principle, which is an unsettled matter in this circuit, see, e.g., Wilhelm v. Continental Title Co., 720 F.2d 1173, 1175 (10th Cir.1983), cert. denied, 465 U.S. 1103 (1984), the district court emphasized the conclusory character of the conspiracy allegations generally, and concluded that plaintiff had failed to establish any conspiracy (of whatever nature) with the requisite specificity. Aplt.App. Vol. I at 173. Because we agree with this assessment, we leave the intracorporate conspiracy question for another day and discuss only those matters pertinent to the former, more fundamental and less controversial, rationale for disposition of the case.
 
 
 8
 As we have already recognized, plaintiff's allegations of conspiracy fall far short of the level of specificity required to state a claim under § 1985(3). Her evidentiary showing in response to the summary judgment motion did not correct the deficiency. Plaintiff objects that the district court did not properly consider the depositions and related exhibits she submitted in opposition to the motion, but plaintiff did not even attempt to identify any particular testimony or evidentiary item in support of her case. The district court explained to counsel:
 
 
 9
 I would be happy to have something pointed to me in the depositions. When depositions are used in motions for summary judgment, ... the deposition is not thrown at the judge. The pages and lines are given so that we can see what is referred to. That's the only way that depositions can be used in this type of motion.
 
 
 10
 Aplt.App. at 175. Plaintiff now supplies us with the record she claims the district court disregarded, but again provides no particularized citations to support her conspiracy claims.[2] Like the district court, we do not sift through materials submitted in bulk to determine whether there exists some dormant evidence supporting a party's assertions. See Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024-25 (10th Cir.1992), petition for cert. filed, 61 U.S.L.W. 3303 (U.S. Sept. 29, 1992) (No. 92-581); S.E.C. v. Thomas, 965 F.2d 825, 827 (10th Cir.1992).
 
 
 11
 Plaintiff also contends the district court erred by granting summary judgment over her objection, pursuant to Fed.R.Civ.P. 56(f), that she had not yet completed discovery. We review the decision whether to grant additional time for discovery under a deferential, abuse of discretion standard. Patty Precision v. Brown & Sharpe Mfg. Co., 742 F.2d 1260, 1264 (10th Cir.1984). Plaintiff asserts that much of the evidence necessary to establish her claims was in defendants' possession, and emphasizes that discovery was not yet completed when the district court granted summary judgment.[3] Neither of these points is sufficient to mandate continuance of the summary judgment proceedings. See Guthrie v. Sawyer, 970 F.2d 733, 738 (10th Cir.1992); Jones v. City & County of Denver, 854 F.2d 1206, 1211 (10th Cir.1988). We consider it significant that when plaintiff commenced this case, she already possessed the depositions of some of the defendants, which had been taken in her first employment discrimination action against P/SL, and that another fourteen months passed before summary judgment was granted here. Cf. Culver v. Town of Torrington, 930 F.2d 1456, 1459 (10th Cir.1991) (four-month period following motion provided sufficient time for discovery for purposes of Rule 56(f)). Under the circumstances, we do not think the district court abused its discretion by resolving the conspiracy claims on summary judgment, particularly in light of plaintiff's failure properly to utilize the substantial existing record to present to the district court specific facts in support of her conspiracy allegations. See Contemporary Mission, Inc. v. United States Postal Serv., 648 F.2d 97, 107 (2d Cir.1981) (when plaintiff fails to produce specific facts to support conspiracy allegations, district court may, in its discretion, refuse to permit discovery and grant summary judgment).
 
 September 9, 1991, Order
 
 12
 Following the issuance of recent decisions by this court regarding the effect of Patterson v. McLean Credit Union, 491 U.S. 164, on the limited availability of § 1981 in the employment discrimination context, the district court ordered briefing on whether plaintiff's § 1981 claims for discriminatory and retaliatory discharge remained actionable. We agree with its subsequent conclusion that, under Patterson and this court's post-Patterson decisions, they are not.
 
 
 13
 Plaintiff's claim for discriminatory discharge is precluded by Trujillo v. Grand Junction Regional Center, 928 F.2d 973, 975-76 (10th Cir.1991). As for the retaliatory discharge claim, we note that " '[t]he right to enforce contracts does not ... extend beyond conduct by an employer which impairs an employee's ability to enforce through legal process his or her established contract rights." Carter v. Sedgwick County, 929 F.2d 1501, 1504 (10th Cir.1991) (quoting Patterson, 491 U.S. at 177-78) (emphasis added). The "enforcement" action by plaintiff allegedly prompting her discharge was the filing of an EEOC charge and subsequent lawsuit for (1) discriminatory suspension and (2) general racial harassment, see Aplt.App. Vol. X, tabs 19, 20, neither of which involves contract rights implicating § 1981 protections. See, e.g., Hill v. Goodyear Tire & Rubber, Inc., 918 F.2d 877, 880 (10th Cir.1990) (claim for racial harassment not actionable under § 1981); Mozee v. American Commercial Marine Serv. Co., 940 F.2d 1036, 1052 (7th Cir.1991) (after Patterson, claims for wrongful suspension do not give rise to § 1981 liability). Consequently, retaliation for such action likewise does not fall within the ambit of § 1981. Hill, 918 F.2d at 880; Riel v. Reed, 760 F.Supp. 852, 854 (D.Colo.1991); accord Sherman v. Burke Contracting, Inc., 891 F.2d 1527, 1535 (11th Cir.), cert. denied, 111 S.Ct. 353 (1990).
 
 
 14
 Plaintiff seeks to circumvent the cited authorities on the retaliation claim by the following three-step argument: (1) the discrimination she suffered was contrary to policies and procedures of her employer, (2) under state law, such policies and procedures may be accorded the status of contract rights, and (3) therefore, her EEOC charge and suit constituted, in effect, the use of legal process to enforce the kind of specific contract rights still recognized as protected under § 1981. Opening Br. at 23. We express no opinion on the merits of this line of argument, as it was not asserted before the district court. See Neu v. Grant, 548 F.2d 281, 287 (10th Cir.1977).
 
 
 15
 Plaintiff has, however, raised an even more radical argument to disassociate her § 1981 retaliation claim from the adverse precedents discussed above. Noting that those cases delimit only the right to make and enforce contracts and do not deal with the other protected interests established by the statute, particularly the right to sue, be parties, and give evidence, and the entitlement to full and equal benefit of the laws, see Phelps v. Wichita Eagle-Beacon, 886 F.2d 1262, 1267 (10th Cir.1989), plaintiff contends she has a cause of action to redress the burden (retaliatory termination) allegedly placed on her use of legal process, which existing case law does not undercut. However, plaintiff is not able to cite any case law directly in her favor either. For the reasons that follow, we need not decide whether such a claim exists in the present context, for plaintiff's pleadings would be deficient in any event.
 
 
 16
 The problem with plaintiff's claim here is that it ignores the single, most fundamental concern of § 1981. Whatever else the statute may or may not require, there can be no actionable violation unless the conduct complained of was motivated by intentional racial, or similar class-based, discrimination. See General Bldg. Contractors Ass'n, Inc. v. Pennsylvania, 458 U.S. 375, 382-91 (1982). Thus, for example, where the Supreme Court recognized a cause of action against unions for interfering with minority members' right to pursue grievances with their employer, the Court noted that the unions had "categorized racial grievances as unworthy of pursuit and, while pursuing thousands of other legitimate grievances, ignored racial discrimination claims on behalf of blacks, knowing that the employer was discriminating in violation of the contract." Goodman v. Lukens Steel Co., 482 U.S. 656, 669 (1987). In short, the unions not only hampered pursuit of legal process against management, they specifically and deliberately did so only with respect to minority grievances. Here, in contrast, while plaintiff claims she was terminated in retaliation for pursuing legal process against her employer, she did not allege that defendants' motive in this connection was specifically racial, i.e., that it went beyond retaliation per se. As it happens, the underlying grievances were for discrimination, but "[i]t is not true that 'a retaliatory response by an employer against [an employee] who genuinely believed in the merits of his or her [discrimination] complaint would inherently be in the nature of a racial situation.... An employer could have a policy of firing any employee who made legal trouble for it on any ground." Malhotra v. Cotter & Co., 885 F.2d 1305, 1313 (7th Cir.1989) (citation omitted). The racial nature of an underlying grievance might well provide circumstantial evidence that a subsequent retaliatory response was also racially motivated. Nevertheless, the latter allegation must first expressly and clearly be made before any claim under § 1981 is even stated. In our judgment, that was not done here.
 
 
 17
 Lest our insistence on the distinctive, definitive element of a § 1981 claim appear unduly harsh, we emphasize that there already exists a remedy for the kind of retaliation that has been alleged here. Termination in response for filing discrimination charges is specifically proscribed by § 704(a) of Title VII, 42 U.S.C. § 2000e-3(a). Consequently, there is good reason not to adopt a tortuous or idiosyncratic construction of § 1981 simply to provide some remedy for the retaliatory conduct defendants allegedly engaged in. See Trujillo, 928 F.2d at 976; Overby v. Chevron USA, Inc., 884 F.2d 470, 473 (9th Cir.1989).
 
 
 18
 Finally, plaintiff challenges the district court's refusal to impose sanctions under Rule 11 in connection with the belated production of a document requested in discovery. We review this decision only for an abuse of discretion. See Coffey v. Healthtrust, Inc., 955 F.2d 1388, 1393 (10th Cir.1992). The district court's order provides a full and fair analysis of counsel's reasonable conduct in this matter. Aplt.App. at 159-62. Furthermore, while the document in question refers to both completed and contemplated disciplinary action against plaintiff, noting her history of employment dissatisfaction, insubordination, and allegedly abusive behavior with patients, it does not reflect or suggest a racially motivated conspiracy, which of course is the cornerstone of the § 1985(3) claim plaintiff sought to have reinstated. It was not an abuse of discretion to deny the requested sanction.
 
 
 19
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 *
 Honorable Dale E. Saffels, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Here and elsewhere plaintiff's conspiracy claims shall be referred to collectively. We note, however, that unlike plaintiff's allegations of racially discriminatory discharge, which potentially implicate preexisting substantive rights under the Thirteenth Amendment, see Foster v. MCI Telecommunications Corp., 773 F.2d 1116, 1120 (10th Cir.1985), the retaliatory discharge claim involves a right created by Title VII of the Civil Rights Act, which cannot be redressed under § 1985(3), see Great Am. Fed. Sav. & Loan Ass'n v. Novotny, 442 U.S. 366, 372, 376-78 (1979); Long v. Laramie County Community College Dist., 840 F.2d 743, 752 (10th Cir.), cert. denied, 488 U.S. 825 (1988)
 
 
 [2]
 The only citation to a relatively specific item submitted in opposition to summary judgment refers to an interrogatory response from AMI addressing only the legal relationship between P/SL and AMI. See Opening Br. at 15-16 (citing Aplt.App. Vol. I at 152-54). We note that plaintiff also cites to a set of answers she gave to questions posed by the magistrate judge. Id. (citing Aplt.App. Vol. I at 113-133). However, in addition to involving simply another indiscriminate reference to some eighteen pages of testimony, this material was prepared after summary judgment had been granted on the § 1985(3) claims
 
 
 [3]
 However, the pertinent formal cut-off date, i.e., for nonexpert, factual discovery, was only one month away at the time. See Opening Br. at 12 (citing discovery scheduling order)