**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 30 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

HERLINDA MAYO,

      Plaintiff-Appellant,

v.

FOWLER FITNESS, INC., doing
business as Defined Fitness,

      Defendant-Appellee.

No.  03-2225
(D.C. No. CIV-02-222)
(D. N.M.)

---

**ORDER AND JUDGMENT**  *

---

Before  **HARTZ** , **McKAY** , and **PORFILIO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

Plaintiff Herlinda Mayo appeals from two district court memorandum

opinions and orders, which, in total, granted summary judgment under

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Fed. R. Civ. P. 56(c) in favor of defendant Fowler Fitness, Inc. on certain Title VII[1] employment-discrimination, age-discrimination [2] and state-law claims and dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) one employment discrimination claim.  On appeal, Ms. Mayo, who is now proceeding pro se, [3] challenges all aspects of the district court's decisions.  In addition, she argues she was deprived of her Sixth Amendment right to effective assistance of trial counsel.  We have jurisdiction to consider this appeal under 28 U.S.C. § 1291. [4]  We affirm.

In her first amended complaint, Ms. Mayo, who was then represented by counsel, alleged claims of national origin and age discrimination, retaliation, breach of an express or implied contract, breach of an implied covenant of good faith and fair dealing and wrongful termination.  In the memorandum opinion and order granting summary judgment to Fowler Fitness, the district court held that

---

[1]    Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e through § 2000e-17.

[2]    Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634.

[3]    Because Ms. Mayo is proceeding pro se on appeal, we liberally construe her appellate filings.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

[4]    Although Ms. Mayo filed her notice of appeal before the district court entered final judgment, her notice of appeal ripened after that court entered final judgment.  *See Prod. Credit Ass'n of S. N.M. v. Alamo Ranch Co.*, 989 F.2d 413, 417 (10th Cir. 1993).

(1) because Ms. Mayo failed to controvert most or all of the facts Fowler Fitness set forth in its brief in support of its motion for summary judgment, those facts were deemed admitted; (2) with respect to Ms. Mayo's age and national origin discrimination claims, she did not contest Fowler Fitness' contentions regarding her claims alleging denial of various positions and denial of her request to transfer; she failed to establish a prima facie case of discriminatory failure to promote and discriminatory discharge; Fowler Fitness established legitimate, nondiscriminatory reasons for all of its actions and Ms. Mayo failed to establish these reasons were a pretext for discrimination; (3) no implied contract existed to alter Ms. Mayo's at-will employment status, and Fowler Fitness' anti-discrimination policy statement did not create such an implied contract; (4) the doctrine of the implied covenant of good faith and fair dealing did not apply to Ms. Mayo's at-will employment, and no exceptions applied; and (5) Ms. Mayo did not respond to Fowler Fitness' arguments concerning her claim for wrongful, retaliatory discharge; she did not have a cause of action for wrongful termination; no public policy authorized or encouraged her to report an alleged theft; and there was no evidence that Fowler Fitness was aware she was engaging in protected activity. In the other memorandum opinion and order, the district court dismissed Ms. Mayo's retaliation claim for lack of subject matter jurisdiction because she had failed to exhaust her administrative remedies; the

-3-

court also granted summary judgment on her failure-to-promote claims as time-barred.

> Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. We review a grant of summary judgment *de novo*, applying the same standard as the district court. We examine the record to determine whether any genuine issue of material fact was in dispute; if not, we determine whether the substantive law was applied correctly, and in so doing we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing the motion.

*Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (quotation omitted).

Also, we review a dismissal for lack of subject matter jurisdiction de novo.

*U. S. West, Inc. v. Tristani*, 182 F.3d 1202, 1206 (10th Cir. 1999).

Having reviewed the briefs, the district court's record and the applicable law pursuant to these standards, we determine that Ms. Mayo has asserted no reversible error on appeal. We therefore affirm the challenged district court decisions for substantially the same reasons set forth by that court in its thorough and well-written memorandum opinions and orders of August 27, 2003 and October 8, 2003.

Ms. Mayo's argument that her trial counsel provided ineffective assistance of counsel is not a basis for reversal of the district court, because there is no

constitutional right to counsel in a civil action. *See Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003), *cert. denied*, 124 S. Ct. 1059 (2004).

We also reject any other arguments made by Ms. Mayo that are not specifically addressed in this order and judgment.

The judgment of the district court is AFFIRMED. We DENY the following motions Ms. Mayo has filed on appeal: (1) first, second, third and fourth evidentiary motions filed March 22, 2004, which this court, by an order of the same date, construed as a motion to supplement the record; (2) "Motion Memorandum Brief for Damages Award Against Appeelle (sic)" filed April 8, 2004; (3) "Motion Exhaustion Administrative Remedies" filed April 23, 2004; (4) "Second Motion Genuine Issues of Material Fact" filed April 23, 2004; (5) "Motion Memorandum Brief for Damages Award Against Appeelle (sic)" filed April 23, 2004; (6) "Motion-Petition Order to Appelle's (sic) Records Statement W Forms Year 1999-2004 Statment (sic) Financial Condition Corporation, Shareholders and Subsidiaries" filed June 7, 2004; (7) "Motion record from District Court on appeal 03-3225 and []04-2140 [5] to Merit Board Judges" filed August 4, 2004; (8) motion that various items docketed in appeal No. 04-2150 also be docketed in this appeal filed August 4, 2004; (9) "Motion to Review

_____

[5] Appeal No. 04-2150 is a separate appeal, which is not yet at issue. It is Ms. Mayo's appeal of the district court's award of attorney's fees and costs to Fowler Fitness.

Exhibits and Depositions Properly Marked Under Oath on Employer Team Management Depositions to Prove Evidence of Discrimination Not in Record" filed August 16, 2004. Also, we DENY any other pending motions or requests not specifically listed, including Ms. Mayo's request that we consider her appendix on appeal.

We DENY Fowler Fitness' requests for attorney's fees and costs on appeal and its motion for sanctions filed June 17, 2004. We DENY as moot (1) Fowler Fitness' request filed December 5, 2003 to strike Ms. Mayo's (a) response to its corporate disclosure statement, (b) "Material Facts Scope of Evidences and Exhibits," (c) exhibits index, and (d) certificate of service; and (2) Fowler Fitness' motion filed March 29, 2004 to strike evidentiary references not in the record set forth in Ms. Mayo's reply brief.

The mandate shall issue forthwith.

Entered for the Court

Monroe G. McKay
Circuit Judge

-6-