**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 10 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

HERLINDA MAYO,

        Plaintiff-Appellant,

v.

FOWLER FITNESS, INC., doing
business as Defined Fitness,

        Defendant-Appellee.

No. 04-2150
(D.C. No. CIV-02-222 JB/RLP)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , **KELLY** , and **McCONNELL** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Plaintiff Herlinda Mayo appeals from six district court determinations

which addressed various post-judgment motions and awarded attorney's fees and

---

\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

costs to defendant Fowler Fitness, Inc. [1] We exercise jurisdiction over this appeal under 28 U.S.C. § 1291. We affirm.

Ms. Mayo brought an action against Fowler Fitness, her former employer, alleging federal and state employment discrimination claims, retaliation, breach of contract, breach of an implied covenant of good faith and fair dealing, and wrongful termination. The district court dismissed the retaliation claim for failure to exhaust administrative remedies, dismissed any discrimination claims concerning the Group Fitness Director Position as time barred, and granted Fowler Fitness's summary judgment motion on all other claims. Ms. Mayo appealed, and this court affirmed, *Mayo v. Fowler Fitness, Inc.*, No. 03-2225, 2004 WL 1922270 (10th Cir. Aug. 30, 2004).

While the appeal was pending, Fowler Fitness moved in the district court for attorney's fees of $95,889.50 and costs of $567.13, pursuant to 42 U.S.C. § 2000e-5(k) and Fed. R. Civ. P. 54(d). Granting the requests in part and denying them in part, the district court awarded Fowler Fitness $15,003.94 in attorney's fees and $489.08 in costs. The district court found that Fowler Fitness was entitled to an award of attorney's fees and costs for only the discrimination claims decided on their merits. The court limited the award to the attorney's fees and

---

[1] Because Ms. Mayo is proceeding pro se, we liberally construe her district and appellate court filings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

costs Fowler Fitness incurred to defend these discrimination claims after September 5, 2003, the date that Ms. Mayo should have realized these claims lacked merit and that she should have accepted Fowler Fitness's settlement offer. Also, considering Ms. Mayo's ability to pay the award, the court declined to reduce or eliminate it based on her financial situation.

On appeal, Ms. Mayo argues the district court abused its discretion in awarding Fowler Fitness attorney's fees and costs, punished her for bringing the underlying action in good faith, failed to take her finances into account when awarding attorney's fees, and granted an unjust award. We review the district court's awards of attorney's fees and costs under an abuse of discretion standard. *Jane L. v. Bangerter*, 61 F.3d 1505, 1509, 1517 (10th Cir. 1995); *Carter v. Sedgwick County*, 929 F.2d 1501, 1506 (10th Cir. 1991). Upon careful review of the record on appeal and relevant case law, we conclude the district court did not abuse its discretion in awarding attorney's fees and costs. We agree with the awards for substantially the reasons set forth in the district court's memorandum opinions and orders dated June 15, 2004. R., Vol. III, Doc. 150, 154.

In addition, we conclude the district court did not abuse its discretion in entering other memorandum opinions and orders (1) denying Ms. Mayo's request to submit documents and depositions because they were irrelevant to the attorney's fees and costs issue, she failed to highlight relevant portions of the

lengthy submissions, and they might contain new arguments, *see id.*, Doc. 149; (2) dismissing several of Ms. Mayo's pleadings, including a motion for costs against Fowler Fitness, as moot in light of the court's attorney's fees ruling, *see id.*, Doc. 151, 152; (3) denying Fowler Fitness's motion to prohibit Ms. Mayo from filing additional pleadings, but excusing it from responding to any further pleadings she filed without a specific court request for a response, *see id.*, Doc. 153; and (4) considering Ms. Mayo's ability to pay the award of attorney's fees and costs, *see Gibbs v. Clements Food Co.*, 949 F.2d 344, 345 (10th Cir. 1991), and declining to either reduce or eliminate the award, *see* R., Vol. III, Doc. 154.

To the extent Ms. Mayo seeks to challenge the district court's disposition of the merits of her underlying federal and state employment claims, she cannot do so. Our prior decision regarding those claims, *Mayo*, 2004 WL 1922270, stands as the law of the case. *See, e.g.*, *United States v. Webb*, 98 F.3d 585, 587 (10th Cir. 1996) ("Under the law of the case doctrine, findings made at one point during the litigation become the law of the case for subsequent stages of that same litigation."). Nor is this the appropriate proceeding for Ms. Mayo to complain about her district court legal representation.

We DENY as moot Ms. Mayo's (1) "Motion-Petition Execution of Judgment Against Emp[l]oyee Denied to Employer" filed July 12, 2004; (2) objection filed July 30 to Fowler Fitness's corporate disclosure statement;

(3) various other objections to Fowler Fitness's corporate disclosure statement and objections to its certificate of interested parties; and (4) objection filed August 20 to Fowler Fitness's motions to strike filed August 16. We DENY Ms. Mayo's many requests for sanctions against Fowler Fitness.

We also DENY as moot Fowler Fitness's (1) request that this court strike the documents attached to Ms. Mayo's brief in chief; (2) motion filed July 28 to either strike Ms. Mayo's July 12 motion or require her to redraft the motion in conformity with the Federal Rules of Appellate Procedure, and its request that we dismiss this appeal because Ms. Mayo did not file a timely docketing statement; and (3) motions filed August 16 to strike Ms. Mayo's objection to its corporate disclosure statement, to strike her entry of appearance and certificate of interested parties, and to bar her from filing pleadings without court approval. We DENY Fowler Fitness's many requests for attorney's fees, costs, and sanctions on appeal.

Finally, we DENY any other motions, objections, or requests made by either party that are not specifically addressed in this order and judgment.

We AFFIRM. The mandate shall issue forthwith.

Entered for the Court

Stephanie K. Seymour
Circuit Judge