Devaughn E. WILLIAMS,
Plaintiff–Appellant,

v.

FIRST UNION NATIONAL BANK OF N.C., Defendant–Appellee.

No. 90–2074.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 31, 1990.

Decided Dec. 6, 1990.

Richard Woodson Rutherford, argued, Anderson, Rutherford & Geil, Raleigh, N.C., for plaintiff-appellant.

Paul R. Beshears, argued (J. Thomas Kilpatrick, on brief), Smith, Currie & Hancock, Atlanta, Ga. (James G. Billings, Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, Raleigh, N.C., on brief), for defendant-appellee.

Before WIDENER and CHAPMAN, Circuit Judges, and HADEN, Chief District Judge for the Southern District of West Virginia, sitting by designation.

CHAPMAN, Circuit Judge:

Plaintiff DeVaughn Williams ("Williams"), a black male, brought this action against defendant First Union National Bank ("First Union") alleging that he was subjected to discriminatory working conditions and was eventually constructively discharged because of his race and in retaliation for his having filed charges of discrimination against First Union with the Equal Employment Opportunity Commission ("EEOC").

In response to First Union's Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, Williams filed an amended complaint. The amended complaint, brought pursuant to 42 U.S.C. § 1981, alleged that First Union violated section 1981 by: (1) refusing to enter into a nondiscriminatory employment relationship with him; (2) subjecting him to discriminatory conditions of employment because of his race and in retaliation for filing charges of discrimination with the EEOC; and (3) constructively discharging him because of his race and in retaliation for filing charges of discrimination.

First Union again moved to dismiss pursuant to Rule 12(b)(6), and the motion was referred to Magistrate Alexander B. Denson who recommended the amended complaint be dismissed. Magistrate Denson found: (1) that Williams' discriminatory hiring claim was barred by the applicable statute of limitations; (2) that, after *Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), Williams' claim of discriminatory working conditions failed to state a claim under section 1981; and (3) that, after *Patterson*, Williams' claim of constructive discharge based on racial discrimination and retaliation failed to state a claim under section 1981. The district court adopted the magistrate's recommendation and dismissed the amended complaint and entered judgment in favor of First Union on March 29, 1990.

This case presents three issues on appeal: (1) whether the district court erred in ruling that a claim of discriminatory discharge does not implicate the "make and enforce contracts" provision of 42 U.S.C. § 1981; (2) whether Williams' claim that he was subjected to discriminatory working conditions in retaliation for filing EEOC charges is actionable under section 1981; and (3) whether the district court erred in applying *Patterson* retroactively to this case. After considering the record in this case and the applicable law, we find that the district court properly granted First Union's motion to dismiss for failure to state a claim upon which relief can be granted.

I.

In *Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d

132 (1989), the Supreme Court considered the application of section 1981 to claims of discrimination in the employment context. The Court observed that

> The most obvious feature of [section 1981] is the restriction of its scope to forbidding discrimination in the "mak[ing] and enforce[ment]" of contracts alone. Where an alleged act of discrimination does not involve the impairment of one of these specific rights, § 1981 provides no relief. Section 1981 cannot be construed in all aspects of contract relations, for it expressly prohibits discrimination only in the making and enforcement of contracts.

*Id.* 109 S.Ct. at 2372. The Court made it clear that the crucial determination under section 1981 is "whether the employer, *at the time of the formation of the contract,* in fact intentionally refused to enter into a contract with the employee on racially neutral terms." *Id.* at 2376–77 (emphasis added).

■ Williams maintains that the district court erred in finding that his claim of discriminatory discharge was not actionable under the "right to make contracts" provision of 42 U.S.C. § 1981. However, the plain language of the Supreme Court in *Patterson* rejects any claim based on actions which occur after the contract has been formed. *Patterson* clearly held that section 1981's right to make contracts provision governs only conduct prior to the formation of the contract; it "does not extend, as a matter of either logic or semantics, to conduct by the employer after the contract relation has been established, including breach of the terms of the contract...." *Id.* at 2373. Since *Patterson,* a number of courts of appeals have considered whether a claim of discriminatory discharge is actionable under section 1981. A majority of these courts have held that discriminatory discharge claims are not actionable under section 1981 based on the plain language of the Supreme Court in *Patterson. See, e.g., Gonzalez v. Home Ins. Co.,* 909 F.2d 716, 722 (2d Cir.1990); *McKnight v. General Motors Corp.,* 908 F.2d 104, 108 (7th Cir.1990); *Walker v. South Cent. Bell Tel. Co.,* 904 F.2d 275, 276–77 (5th Cir.1990); *Courtney v. Canyon Television & Appliance Rental,* 899 F.2d 845, 849 (9th Cir.1990); *Lavender v. V & B Transmissions & Auto Repair,* 897 F.2d 805, 807–08 (5th Cir.1990). *Cf. Hicks v. Brown Group, Inc.,* 902 F.2d 630, 635–38 (8th Cir.1990) (discriminatory discharge completely deprives employee of employment and is therefore actionable under section 1981). We find the reasoning of the majority of these courts persuasive, and therefore we hold that discriminatory discharge claims are not actionable under 42 U.S.C. § 1981. The district court did not err in granting First Union's motion to dismiss this claim for failure to state a claim upon which relief can be granted.

## II.

■ We must also decide whether Williams' claim that he was subjected to discriminatory working conditions in retaliation for filing EEOC charges is actionable under section 1981. Williams asserts that the alleged retaliation was in response to his efforts to enforce his contract rights by filing EEOC charges; therefore, his claim is actionable under section 1981's protection of the right to "make and enforce" a contract. We find no merit in this argument.

In discussing section 1981's "make and enforce" contracts provision, the Supreme Court in *Patterson* held:

> It [section 1981] also covers wholly *private* efforts to impede access to the courts or obstruct nonjudicial methods of adjudicating disputes about the force of binding obligations.... The right to enforce contracts does not, however, extend beyond conduct by an employer which impairs an employee's ability to enforce through legal process his or her established contract rights.

*Patterson,* 109 S.Ct. at 2373. In this case, First Union's alleged retaliatory conduct did not prevent Williams from filing or pursuing EEOC charges and in no way impeded or obstructed Williams' access to legal process. The Ninth Circuit considered a nearly identical claim in *Overby v.*

*Chevron U.S.A., Inc.*, 884 F.2d 470 (9th Cir.1989), and held that Chevron's alleged discharge of Overby in retaliation for filing EEOC charges did not "'impede' or 'obstruct' Overby's right to enforce his contract in violation of § 1981...." *Id.* at 473. The *Overby* court also noted that the alleged retaliatory discharge in that case was expressly prohibited by section 704(a) of Title VII of the Civil Rights Act of 1964 and that *Patterson* had specifically "counseled against stretching the meaning of § 1981 to protect conduct already covered by Title VII." *Id.* The Supreme Court in *Patterson* also cautioned against reading section 1981 so broadly that it "would undermine the detailed and well-crafted procedures for conciliation and resolution of Title VII claims." *Patterson*, 109 S.Ct. at 2374. Section 1981 was not enacted to duplicate the protection offered by federal antidiscrimination legislation. It was aimed instead at protecting a much narrower scope of activity—the right to make and enforce contracts. In this case, Williams seeks to extend section 1981 beyond its appropriate scope. Accordingly, we find that the district court did not err in ruling that Williams' claim that he was subjected to discriminatory working conditions in retaliation for filing EEOC charges is not actionable under section 1981.

### III.

As a general rule, this court must apply retroactively any relevant interpretation of section 1981 by the Supreme Court. *See Goodman v. Lukens Steel Co.*, 482 U.S. 656, 662, 107 S.Ct. 2617, 2621, 96 L.Ed.2d 572 (1987); *Solem v. Stumes*, 465 U.S. 638, 642, 104 S.Ct. 1338, 1341, 79 L.Ed.2d 579 (1984). The courts of appeals have not deviated from this general rule with regard to retroactive application of *Patterson*. *See, e.g., Courtney v. Canyon Television & Appliance Rental*, 899 F.2d at 849; *Sherman v. Burke Contracting, Inc.*, 891 F.2d 1527, 1534–35 (11th Cir. 1990). Nevertheless, Williams argues that retroactive application of *Patterson* is inequitable in this case because he did not pursue his claims under Title VII and is now barred from doing so. The Fifth Circuit confronted the same issue in *Lavender v. V & B Transmissions & Auto Repair*, 897 F.2d 805 (5th Cir.1990), where plaintiffs contended it would be inequitable to apply *Patterson* retroactively to their section 1981 claims because they were precluded from pursuing a Title VII claim by the limitations period. That court rejected plaintiffs' argument noting that any unjust result suffered by plaintiffs stemmed from their failure to pursue a Title VII claim within the limitations period. *Id.* at 807. We find this reasoning persuasive given the facts in this case. Accordingly, we find that the district court's retroactive application of *Patterson* was appropriate in this case.

For these reasons, the district court is AFFIRMED.