**Cordy HOBBS Jr., Plaintiff,**

v.

**SCHNEIDER NATIONAL CARRIERS, INC., Defendant.**

**No. C–C–91–286–P.**

United States District Court,
W.D. North Carolina,
Charlotte Division.

June 12, 1992.

Cordy Hobbs, Jr., pro se.

Catherine E. Thompson, Smith Helms Mulliss & Moore, Charlotte, N.C., for defendant.

### ORDER

ROBERT D. POTTER, District Judge.

THIS MATTER is before the Court on Motion of Defendant, filed 6 March 1992, to

Dismiss. On that same date, Plaintiff, who is appearing in this action *pro se,* delivered to this Court a letter. Although it is not clear, this letter is apparently in opposition to Defendant's Motion to Dismiss.

### Background

Cordy Hobbs Jr. ("Hobbs") is a former employee of Schneider National Carriers, Inc. ("Schneider"). Hobbs, a black male, instituted this action against Schneider on 6 September 1991. In his complaint, Hobbs alleged that certain employees of Schneider refused to promote him, constantly harassed him, and wrongfully discharged him by causing him to submit his resignation. All of these acts occurred after Hobbs began his employment with Schneider. Hobbs asserts that these misdeeds were motivated by racial discrimination.

On 23 October 1991, Schneider filed in this Court a Motion to Dismiss. In support of that Motion, Schneider asserted that Hobbs had failed to state a claim upon which relief could be granted. *See* Fed. R.Civ.P. 12(b)(6). This Court, on 3 February 1992, entered an Order denying without prejudice Schneider's Motion to Dismiss. In so ruling, this Court noted that Schneider's Motion rested on the holding of the United States Supreme Court in *Patterson v. McLean Credit Union,* 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989). Further, this Court noted that Schneider filed its Motion prior to the signing into law of the Civil Rights Act of 1991, a law which directly overruled *Patterson.* Subsequently, on 6 March 1992, Schneider filed a Renewed Motion to Dismiss. In its Renewed Motion, Schneider expressly addressed the significance of the Civil Rights Act of 1991. This matter is now ripe for decision.

### Civil Rights Act of 1991

Prior to enactment of the Civil Rights Act of 1991, Title 42, United States Code, section 1981, provided in relevant part that "all persons within the jurisdiction of the United States shall have the same right ... to make and enforce contracts ... as is enjoyed by white citizens." 42 U.S.C.A. § 1981 (West 1981). In *Patterson,* the United States Supreme Court held that "[s]ection 1981 cannot be construed as a general proscription of racial discrimination in all aspects of contract relations, for it expressly prohibits discrimination only in the making and enforcement of contracts." *Patterson,* 109 S.Ct. at 2372. As such, the statute does not extend "as a matter of either logic or semantics, to conduct by the employer after the contract relation has been established, including breach of the terms of the contract or imposition of discriminatory working conditions." *Id.* 109 S.Ct. at 2373.

▮ In response to this decision, Congress passed, and President Bush signed, the Civil Rights Act of 1991 ("the Act"). As now in force, section 1981 provides:

(a) Statement of equal rights

All persons within the jurisdiction of the United States shall have the same right ... to make and enforce contracts ... as is enjoyed by white citizens.

(b) Definition

For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

(c) Protection against impairment

The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

42 U.S.C.A. § 1981 (West Supp.1992). When the Act became law in November of 1991, this action had been pending for two months. Accordingly, as a threshold matter, this Court must determine whether the Act applies to this action.

To make this determination, this Court must begin with the language of the statute. "[T]he starting point for interpreting a statute is the language of the statute itself. Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive." *Consumer Product Safety Comm. v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980).

Section 402 of the Act, entitled "Effective Date," provides as follows:

(a) In General.—Except as otherwise specifically provided, this Act and the amendments made by this Act shall take effect upon enactment.

Civil Rights Act of 1991 § 402(a), Pub.L. No. 102–166, 105 Stat. 1071, 1099 (1991). There are no special provisions regarding the effective date of amended section 1981. As such, this Court must look to section 402 to determine the applicability of the Act to this action. *See Patterson v. McLean Credit Union,* 784 F.Supp. 268, 273 (M.D.N.C.1992) ("Court must look to general effective date provision" to determine retroactive applicability).

At issue here, then, are four words: "take effect upon enactment." In *Patterson,* Judge Ward very carefully reviewed and discussed the definitions of each of these words. Having done so, Judge Ward wrote:

Combining these definitions, the four words, "take effect upon enactment," must be interpreted to indicate a beginning point, November 21, 1991 [the date the President signed the bill into law], from which date the Act and its amendments would be operative on events coming within their scope, but having no effect on events occurring before that date as the Act was not operative prior to November 21, 1991. The language of the statute provides no indication that Congress intended retroactive application of the Act, and the Court will not read such a requirement into the statute.

*Patterson,* 784 F.Supp. at 274. This Court has considered Judge Ward's analysis and finds it to be entirely correct. As did Judge Ward, this Court finds that "[t]he plain meaning of section 402(a) is that the Act shall have no retroactive effect." *Id.* at 273.

Given this finding, this Court need not consider the legislative history of the Act, nor does the Court need apply relevant presumptions of statutory construction. However, the Court will briefly note that it finds the legislative history of the Act entirely inconsistent and marked by obvious political posturing. *See Patterson,* 784 F.Supp. at 274 n. 4. As such, if the Court were to consider the legislative history of the Act, it would doubtless find it of no value. Further, the Court also notes that according to the presumption regarding retroactive application set forth by the Supreme Court and approved by the Fourth Circuit Court of Appeals, the Act would not apply to this action. *See Bowen v. Georgetown Univ. Hosp.,* 488 U.S. 204, 208, 109 S.Ct. 468, 471–72, 102 L.Ed.2d 493 (1988) ("Retroactivity is not favored in the law. Thus, congressional enactments ... will not be construed to have retroactive effect unless their language requires this result"); *Leland v. Federal Ins. Adm'r,* 934 F.2d 524, 527 (4th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 417, 116 L.Ed.2d 437 (1991) ("It is a fundamental and well established principle of law ... that statutes are presumed to operate prospectively unless retroactive application appears from the plain language of the legislation").

Here, the plain language of section 402 dictates that the Act not be applied retroactively. As such, because this action was pending on the date the Act became effective, it is not governed by the newly-amended section 1981.

### Motion to Dismiss

The Party moving for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure has the burden of proving that no claim has been stated. 2A Moore's Federal Practice par. 12.07[2.–5] (2d ed. 1991). In considering the motion, a court must presume all factual allegations of the complaint to be true and all reasonable inferences must be made in favor of the non-moving party. *Id.* The allegations of the complaint, especially where stated by a *pro se* plaintiff, are to be construed liberally. *Id.* "A motion under Rule 12(b)(6) should ... be granted if an affirmative defense or other bar to relief is apparent from the face of the complaint." *Id.*

Here, because this action is not governed by the Civil Rights Act of 1991, Hobbs must have stated a claim under former section 1981 to withstand Schneider's Motion to Dismiss. In his complaint, Hobbs

states three causes of action: 1) Racial Discrimination in Promotion; 2) Constant Harassment; and 3) Wrongful Discharge. As noted above, all of the acts complained of occurred after Hobbs began his employment with Schneider. The allegations Hobbs makes are somewhat disjointed and difficult to follow. As a result, it is difficult to summarize those allegations in a succinct manner. Nonetheless, the Court will briefly summarize Hobbs' allegations as they pertain to each of his causes of action. In the interest of clarity, the Court will address each of those claims separately.

*1. Racial Discrimination in Promotion*

Hobbs began working for Schneider in January of 1986 as a Regional Operations Manager. Complaint of Plaintiff at 1. His duties apparently consisted of dispatching drivers. *Id.* Sometime later, his title was changed to Service Team Leader. *Id.* This change did not reflect a change in duties or pay. *Id.* Hobbs learned that the Schneider office in Ft. Wayne, Indiana had promoted some Service Team Leaders to Senior Service Team Leader. *Id.* Hobbs inquired about the availability of this promotion at the Charlotte, North Carolina Schneider independent contractor division. *Id.* His supervisor told him such a move was not a promotion, but merely a lateral adjustment involving no change in pay or duties. *Id.* Later, a Service Team Leader junior to Hobbs was promoted to Senior Service Team Leader. *Id.* Still later, other Service Team Leaders were promoted to Senior Service Team Leader. *Id.* at 2. These promotions did involve a pay raise. *Id.* at 1. Apparently, all Service Team Leaders who were promoted were white.

Hobbs complained about not being promoted. *Id.* at 2. His superiors told him he was not promoted because of his poor performance. *Id.* Hobbs then filed a complaint with the Equal Employment Opportunity Commission. *Id.*

In *Patterson v. Mclean Credit Union,* the Supreme Court held that "the question whether a promotion claim is actionable under § 1981 depends upon whether the nature of the change in position was such that it involved the opportunity to enter into a new contract with the employer." *Patterson,* 491 U.S. at 185, 109 S.Ct. at 2377. The *Patterson* Court stressed that lower courts should not strain the language of section 1981 in an effort to fit all promotions within that statute. Rather, the Court held that "[o]nly where the promotion rises to the level of an opportunity for a new and distinct relationship between the employee and the employer is such a claim actionable under § 1981." *Id. See also Rountree v. Fairfax County School Bd.,* 933 F.2d 219, 224 (4th Cir.1991) (pay raise for essentially same responsibilities is not a promotion, does not rise to level of a "new and distinct" contractual relationship). Thus, this Court has found that a lateral transfer not involving a change in the terms of the contractual relationship between employer and employee is not a promotion as that term is used in *Patterson. See Frazier v. First Union Nat'l Bank,* 747 F.Supp. 1540, 1549 (W.D.N.C. 1990).

Here, Hobbs has indicated only that the change from Service Team Leader to Senior Service Team Leader involved a pay increase. Complaint of Plaintiff at 1. There is no indication the title change involved additional duties or responsibilities. As such, there is no indication the title change resulted in a change in the terms of the contractual relationship between Hobbs and Schneider. Accordingly, the move from Service Team Leader to Senior Service Team Leader did not amount to a "new and distinct relationship" between Hobbs and Schneider. It follows then that Hobbs cannot state a successful claim under section 1981 for failure to promote. The Court will today dismiss Hobbs' first cause of action.

*2. Constant Harassment*

In what are the most ambiguous of his allegations, Hobbs asserts that certain of his supervisors acted in a manner calculated to harass him. Complaint of Plaintiff at 3. Hobbs alleges that this harassment took the form of belittling comments, inter-

ference with his subordinates, punitive work loads, a "mock investigation" into a missing letter, surreptitious placement of materials in his desk, the taking of his plant keys, and a general refusal to treat him as a management employee. *Id.* at 3–4.

This conduct, admittedly all of which occurred after Hobbs began working for Schneider, is not actionable under section 1981. *Patterson,* 491 U.S. at 176–179, 109 S.Ct. at 2372–73; *Frazier,* 747 F.Supp. at 1548 ("racial harassment conduct that occurs postformation of the contract is not actionable under § 1981"). As such, this Court will today dismiss Hobbs' second cause of action.

### 3. Wrongful Discharge

■ Hobbs contends that the harassment noted above forced him to resign. He further contends his forced resignation amounted to a wrongful discharge.

The Court notes again that the conduct complained of occurred after Hobbs began working for Schneider. *Patterson* clearly teaches that such conduct is not actionable under section 1981. Further, the Fourth Circuit Court of Appeals has expressly held, as have many other courts, that "discriminatory discharge claims are not actionable under 42 U.S.C. § 1981." *Williams v. First Union Nat'l Bank of N.C.,* 920 F.2d 232, 234 (4th Cir.1990), *cert. denied,* — U.S. ——, 111 S.Ct. 2259, 114 L.Ed.2d 712 (1991). As such, this Court will today dismiss Hobbs' third cause of action[1].

#### Conclusion

Plaintiff states three causes of action under Title 42, United States Code, section 1981. This Court, having determined that the Civil Rights Act of 1991 does not apply to this matter, holds today that Plaintiff cannot set forth actionable claims under section 1991. As such, the Court will today order this action dismissed.

NOW, THEREFORE, IT IS ORDERED that the Motion of Defendant to Dismiss be, and hereby is, GRANTED.

IT IS FURTHER ORDERED that this Matter be, and hereby is, DISMISSED WITH PREJUDICE.

---

1. Schneider notes that Hobbs also impliedly states a cause of action for retaliatory discrimination. As is suggested by Schneider, this Court notes that such a claim would, upon the same grounds discussed above, be without merit.