7 F.3d 222
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Rhonda R. BROWN, Plaintiff-Appellant,
v.
DEPARTMENT OF HEALTH AND MENTAL HYGIENE, Defendant-Appellee.
 No. 92-1228.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 17, 1992.
Decided: September 16, 1993.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. John R. Hargrove, District Judge. (CA-90-1564)
 Rhonda R. Brown, Appellant Pro Se.
 David Rowland Morgan, Assistant Attorney General, Baltimore, Maryland, for Appellee.
 D.Md.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before WIDENER, WILKINSON, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Rhonda R. Brown appeals from the district court's order dismissing her suit filed under 42 U.S.C. §§ 1981, 1983, 1985 and 1988, and Title VII, and under Maryland tort law. Because we find that the district court overlooked Brown's Title VII and § 1981 claims, we remand for consideration of those claims. In all other respects, we affirm on the reasoning of the district court.
 
 
 2
 Pro se complaints must be liberally construed. Vinnedge v. Gibbs, 550 F.2d 926 (4th Cir. 1977). A pro se plaintiff's allegations, however inartfully pleaded, entitle her to receive the opportunity to offer supporting evidence unless it appears beyond all doubt that the plaintiff could prove no set of facts which would entitle her to relief. Cruz v. Beto, 405 U.S. 319 (1972); Mitchell v. Beaubouef, 581 F.2d 412 (5th Cir. 1978).
 
 
 3
 The district court, and Defendants, construed Brown's pro se complaint only to raise claims under §§ 1983, 1985, 1988, the Fifth and Fourteenth amendments, and Maryland tort law. Nonetheless, our review of the complaint shows that Brown also raised claims under Title VII and § 1981. Indeed, the gist of Brown's concerns involved employment discrimination, i.e., allegations of a wrongful discharge based on racial discrimination. Consequently, the court erred in its assessment of Brown's complaint.[1]
 
 
 4
 As a result of its construction of Brown's complaint, the court did not address the Title VII and § 1981 claims. On this record, we are compelled to remand for the district court to consider of these claims.[2] The dismissal of all other claims is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented and argument would not aid the decisional process.
 
 
 5
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED
 
 
 
 [1]
 We note that Brown clarified her intentions with more specificity in her proposed amended complaint. However, the district court denied her leave to amend. This ruling was incorrect-Brown was entitled to amend her complaint without leave of court under Fed. R. Civ. P. 15(a) because Defendants had not filed a responsive pleading. See Smith v. Blackledge, 451 F.2d 1201 (4th Cir. 1971) (motion to dismiss is not a responsive pleading under Rule 15(a)). See also 6 Charles A. Wright et al., Federal Practice and Procedure, § 1483 at 584-85 (2d ed. 1990) (same)
 
 
 [2]
 The district court will have to decide if the Civil Rights Act of 1991 applies retroactively to permit consideration of Brown's § 1981 claim. If the court decides the Act does not apply retroactively, then Brown's wrongful discharge under § 1981 is not cognizable. See Williams v. First Union Nat'l Bank, 920 F.2d 232 (4th Cir. 1990), cert. denied, 59 U.S.L.W. 3810 (U.S. 1991)