23 F.3d 402
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Robert L. PERCELL, Plaintiff-Appellant,
v.
INTERNATIONAL BUSINESS MACHINES CORPORATION, Defendant-Appellee.
 No. 92-1520.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 1, 1993.
Decided May 23, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Franklin T. Dupree, Jr., Senior District Judge. (CA-90-538-5-CIV-D)
 Robert James Willis, Jones, Avery & Willis, Raleigh, NC, for appellant.
 Michael Terry Medford, Manning, Fulton & Skinner, Raleigh, NC, for appellee.
 E.D.N.C.
 AFFIRMED.
 Before MURNAGHAN and HAMILTON, Circuit Judges, and PAYNE, United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant, Robert Percell, a black male, filed a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C.2000e et seq., in state court on August 8, 1990, alleging that the appellee, International Business Machines (IBM), discharged him on the basis of race. On the basis of diversity, see 28 U.S.C. Sec. 1332, IBM removed the case to the United States District Court for the Eastern District of North Carolina. After removal, Percell amended his complaint to include a claim for racially discriminatory discharge under 42 U.S.C. Sec. 1981 and for state law wrongful discharge. On May 16, 1991, the district court, citing Patterson v. McLean Credit Union, 491 U.S. 164 (1989), and Williams v. First Union National Bank of North Carolina, 920 F.2d 232 (4th Cir.1990), cert. denied, 111 S.Ct. 2259 (1991), dismissed Percell's Sec. 1981 claim on the grounds that a discriminatory discharge claim was not cognizable under Sec. 1981. The district court also dismissed Percell's common law wrongful discharge claim on the ground that Percell was an at-will employee.*
 
 
 2
 On October 29, 1991, Percell filed a motion for a jury trial on his Title VII claim, arguing that the Civil Rights Act of 1991--which was on the verge of becoming effective--entitled him to a jury trial. On December 10, 1991, Percell moved the district court to reconsider its previous decision to dismiss his Sec. 1981 discriminatory discharge claim. Reconsideration was urged on the grounds that the Civil Rights Act of 1991, which was signed into law on November 21, 1991, overrules Patterson and Williams and permits racially discriminatory discharge claims under Sec. 1981. On February 28, 1992, the district court refused to grant Percell a jury trial and punitive damages on his Title VII claim, and denied reconsideration of its earlier decision dismissing Percell's Sec. 1981 discriminatory discharge claim, holding that the Civil Rights Act of 1991 should not be applied retroactively. The district court certified its interlocutory order for immediate appeal, 28 U.S.C. Sec. 1292(b). On May 12, 1992, we granted Percell permission to appeal the district court's February 28, 1992, order. Id. On February 1, 1993, we heard oral argument. By order of this court, March 2, 1993, we placed this case in abeyance pending decision by the United States Supreme Court in Landgraf v. USI Film Products, 968 F.2d 427 (5th Cir.1992), cert. granted, 507 U.S. ---- (1993), and Harvis v. Roadway Express, Inc., 973 F.2d 490 (6th Cir.1992), cert. granted sub nom. Rivers v. Roadway Express, Inc., 507 U.S. ---- (1993).
 
 
 3
 On April 26, 1994, the Supreme Court in Landgraf v. USI Film Products, 62 U.S.L.W. 4255 (April 26, 1994), held that Sec. 102 of the Civil Rights Act of 1991, Pub.L. No. 102-166, 105 Stat. 1071, which authorizes recovery of compensatory and punitive damages under Title VII of the Civil Rights Act of 1964, and jury trials when such damages are claimed, does not apply to conduct that occurred prior to the November 21, 1991, enactment of the Civil Rights Act of 1991. Notably, in assessing the retroactivity of a particular provision of the Civil Rights Act of 1991, the Court cautioned "that courts should evaluate each provision of the Act in light of ordinary judicial principles concerning the application of new rules to pending cases and preenactment conduct." Id. at 4266. In a companion case, Rivers v. Road-way Express, Inc., 62 U.S.L.W 4271 (April 26, 1994), the Court held that Sec. 101 of the Civil Rights Act of 1991, Pub.L. No. 102-166, 105 Stat. 1071, which defines the term "make and enforce contracts" as employed in Sec. 1 of the Civil Rights Act of 1866, Rev. Stat.1977, 42 U.S.C. Sec. 1981, to include "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship," does not apply to conduct that occurred prior to the enactment of the Civil Rights Act of 1991. As a result, the Court concluded that "Patterson provides the authoritative interpretation of the phrase 'make and enforce contracts' in [Sec. 1981] before the 1991 amendment went into effect on November 21, 1991." Rivers, 62 U.S.L.W. at 4275.
 
 
 4
 In this case, Percell requested a jury trial and punitive damages on his Title VII claim and sought to pursue a Sec. 1981 discriminatory discharge claim. Percell concedes, as he must, that the conduct underlying his Title VII claim and Sec. 1981 discriminatory discharge claim occurred prior to the enactment of the Civil Rights Act of 1991. Applying Landgraf and Rivers, it is clear that Percell is not entitled to a jury trial and punitive damages on his Title VII claim, Landgraf, 62 U.S.L.W. at 4266, and is not entitled to pursue aSec. 1981 discriminatory discharge claim, Rivers, 62 U.S.L.W. at 4275. Accordingly, the district court's decision denying Percell a jury trial and punitive damages on his Title VII claim, and denying reconsideration of its earlier decision dismissing Percell's Sec. 1981 discriminatory discharge claim, is affirmed.
 
 AFFIRMED
 
 
 *
 The district court has since reinstated the state law wrongful discharge claim. Percell v. IBM, CA-90-538-5-CIV-D (E.D.N.C. December 8, 1992). The propriety of the district court's decision on this score is not before us