42 F.3d 1385
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Brentley Jean CARR, Plaintiff-Appellant,
v.
F. W. WOOLWORTH COMPANY, a/k/a Woolworth Corporation; Carol
McCullough, Manager of AfterThoughts, Defendants-Appellees.
 No. 93-2130.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 2, 1994.
Decided Dec. 23, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (CA-91-541-5-BO)
 E.D.N.C.
 AFFIRMED.
 Oldric Joseph LaBell, Jr., Newport News, VA, for Appellant.
 Paul Eugene Mirengoff, HUNTON & WILLIAMS, Washington, D.C., for Appellees.
 Thomas J. Flaherty, HUNTON & WILLIAMS, Fairfax, VA, for Appellees.
 Before HALL and HAMILTON, Circuit Judges, and MACKENZIE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 After being terminated as assistant manager of a retail store owned by F.W. Woolworth Company ("Woolworth"), Brentley Jean Carr brought this action under Sec. 1981 and Title VII alleging that Woolworth had not originally selected her as store manager because of her race and had discharged her because she had discussed her grievances with the Equal Employment Opportunity Commission ("EEOC"). The district court dismissed the suit at two stages, entering summary judgment against Carr's hiring discrimination claims and Sec. 1981 retaliatory discharge claim and judgment after a full trial on the merits against her Title VII retaliatory discharge claim. Carr appeals both orders, and we affirm.
 
 I.
 
 2
 In June 1990, Carr, a black woman, applied for the manager and assistant manager positions at AfterThoughts in Goldsboro, North Carolina, one of a chain of stores owned by Woolworth specializing in women's accessories. Carr represented on her application and resume that she had most recently worked at Seymour Johnson Federal Credit Union, where she had served primarily as a loan interviewer but also as a teller when needed.
 
 
 3
 Carol McCullen,* a white woman and area manager for AfterThoughts, interviewed Carr and offered her the assistant manager position, which Carr accepted. Before Carr assumed her responsibilities in early July 1990, McCullen mailed employment verification forms to Carr's previous employers and advised Carr that a bad reference would constitute grounds for discharge. McCullen offered the manager position to Emily Jackson, a white woman. During discovery, McCullen explained that she had selected Jackson over Carr for the manager position because Jackson had possessed more retail and management experience, and Carr had not projected a very enthusiastic, confident, or friendly attitude during the interview process. Based upon her own comparison of her qualifications to Jackson's, however, Carr suspected that McCullen had not selected her to be store manager because she was black.
 
 
 4
 During the six weeks following her selection, Carr became increasingly dissatisfied with Jackson's performance and suspicious that she had been the victim of race discrimination. On August 22, 1990, she informed McCullen that she had discussed her employment situation with the EEOC. The parties disputed McCullen's reaction to Carr's revelation but agreed that Carr then met with the chain's regional director, who encouraged her to file a charge with the EEOC if she believed she had been treated unfairly.
 
 
 5
 The same day, McCullen received an employment verification form completed by Mildred Hodgin, president of Seymour Johnson Federal Credit Union. Hodgin noted that she would not re-employ Carr because her attendance had been "spotty," and the credit union's compensation had apparently been insufficient to satisfy Carr's needs. McCullen called Hodgin to discuss the comments, and Hodgin confirmed Carr's poor attendance record and informed McCullen that, contrary to the job description on Carr's application and resume, Carr had worked primarily as a teller and only as a loan interviewer when needed. Apprised of these facts, McCullen recommended to Woolworth's personnel office that Carr be terminated. On August 28, 1990, Woolworth discharged Carr.
 
 
 6
 Carr filed a complaint with the EEOC alleging that she had been subjected to race discrimination and retaliatory discharge in violation of Title VII and 42 U.S.C. Sec. 1981. After its investigation uncovered no evidence to support Carr's claims, the EEOC dismissed both charges and issued a right to sue letter. Appellant then filed this action raising the same claims against both McCullen and Woolworth. The district court granted summary judgment in McCullen's favor on all claims, a ruling which Carr does not contest on appeal. The court also granted summary judgment in Woolworth's favor on Carr's Sec. 1981 hiring discrimination and retaliatory discharge claims and Title VII hiring discrimination claim. Following a full bench trial on Carr's Title VII retaliation claim, the district court found that Carr had failed to carry her burden of proving that the proffered reasons for her discharge were pretext for race discrimination and entered judgment for Woolworth. This appeal followed.
 
 II.
 
 7
 We review the district court's entry of summary judgment de novo. Drewitt v. Pratt, 999 F.2d 774, 778 (4th Cir.1993). To survive summary judgment, the nonmoving party must offer some "concrete evidence from which a reasonable [finder of fact] could return a verdict in its favor" or other "significant probative evidence tending to support the complaint." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).
 
 A.
 
 8
 Carr argues that the district court's summary dismissal of her Sec. 1981 retaliatory discharge claim was error. Because the claim does not relate to the making of employment contract, we find that dismissal was proper. See Patterson v. McLean Credit Union, 491 U.S. 164, 175-85 (1989); Williams v. First Union Nat'l Bank, 920 F.2d 232, 234 (4th Cir.1990), cert. denied, 500 U.S. 953 (1991). The recent amendments to the Civil Rights Act making retaliatory discharge actionable under Sec. 1981 do not retroactively apply to Carr's claims. Rivers v. Roadway Express, Inc., 114 S.Ct. 1510 (1994).
 
 B.
 
 9
 Carr next contends that she produced sufficient circumstantial evidence to survive summary judgment against her Sec. 1981 and Title VII hiring discrimination claims. Specifically, Carr claims that discriminatory motive could be inferred from Jackson's selection notwithstanding (1) her superior managerial qualifications and (2) a statement by McCullen during her interview that a year's retail experience was a prerequisite for the manager position, a qualification which Jackson allegedly lacked. In addition, Carr asserts that a statement made by McCullen that she intended to replace Jackson with a woman from Ohio, not Carr, demonstrates racial animus.
 
 
 10
 The district court correctly found that Carr had failed to produce any evidence showing that her selection as assistant manager was motivated by race prejudice or that Woolworth's explanation was unworthy of credence. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981). Carr's qualifications were not so superior to Jackson's that McCullen's conclusion that Jackson was better suited for the manager position can be considered pretextual per se. Moreover, it is apparent that Jackson did in fact have the retail experience allegedly needed to qualify to be store manager. Lastly, McCullen's stated intention to hire a woman from Ohio to replace Jackson does not by itself demonstrate pretext, especially given that Carr never ascertained the person's race.
 
 III.
 
 11
 Carr argues that the district court erred in entering judgment against her Title VII retaliatory discharge claim after a full bench trial. We disagree. When an action is tried without a jury, the district court "shall find the facts specially and state separately its conclusions of law thereon .... [and these] [f]indings ... shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Fed.R.Civ.P. 52(a). A reviewing court may not overturn a finding simply because it would have decided the case differently and must affirm "[i]f the district court's account of the evidence is plausible in light of the record viewed in its entirety...." Anderson v. Bessemer City, 470 U.S. 564, 574 (1985).
 
 
 12
 At trial, McCullen testified that she had recommended Carr's termination because of Hodgin's bad reference and Carr's apparent overstatement of her qualifications. After weighing the evidence and evaluating the credibility of the witnesses, the district court concluded that Carr had failed to prove that Woolworth's reasons for her termination were mere pretext for retaliation. Having considered the entire record, we do not believe the court's findings were clearly erroneous.
 
 AFFIRMED
 
 
 *
 The complaint erroneously identified McCullen as "Carol McCullough."