45 F.3d 425
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Curtis E. DIXON, Plaintiff-Appellant,
v.
CITY OF WINSTON-SALEM; Bryce A. Stuart; James A. Joines;
Sam H. Owen, individually and in their representative
capacities as officers of the City of Winston-Salem, North
Carolina, Defendants-Appellees.
 No. 94-1708.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 13, 1994.
Decided Jan. 3, 1995.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem. Hiram H. Ward, Senior District Judge. (CA-91-36-6, CA-91-242-6).
 Walter T. Johnson, Jr., Greensboro, NC, for appellant. Anthony H. Brett, Joel M. Leander, WOMBLE, CARLYLE, SANDRIDGE & RICE, Winston-Salem, NC, for appellees.
 M.D.N.C.
 AFFIRMED.
 Before WIDENER and NIEMEYER, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Curtis E. Dixon appeals the district court's orders dismissing his complaint alleging discriminatory discharge for failure to state a claim. Finding no error, we affirm.
 
 
 2
 * Dixon was employed for nineteen years by the City of WinstonSalem, North Carolina. During his tenure, Dixon filed two EEOC complaints against his supervisors alleging race discrimination and retaliation. Dixon also filed two complaints against his supervisors in state court alleging discrimination and harassment. All of Dixon's complaints were eventually dismissed, and he was subsequently terminated in 1989. After his termination, Dixon filed two complaints in federal court, consolidated below, alleging that he was discriminatorily discharged because of his age and race in violation of 42 U.S.C.A. Sec. 1981 (West 1994); 42 U.S.C. Sec. 1983 (1988); 42 U.S.C.A. Sec. 2000e (West 1981 & Supp.1994) (Title VII); and 29 U.S.C. Sec. 623 (1988) (ADEA). The district court granted the Respondent's motion to dismiss and Dixon timely appealed.
 
 II
 
 3
 Dismissal for failure to state a claim under Fed.R.Civ.P. 12(b)(6) is appropriate where, construing the allegations in the light most favorable to the plaintiff and assuming the facts alleged to be true, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989).
 
 
 4
 Despite the complexity of the two complaints filed in the district court, Dixon only argues on appeal that the district court erroneously dismissed his claims under 42 U.S.C. Sec. 1981 without first making a factual determination of whether discrimination occurred, and that his due process claim brought under 42 U.S.C. Sec. 1983 was erroneously dismissed because he had acquired a property right in remaining employed. Both claims are meritless.
 
 
 5
 Dixon alleged in his complaint that he was unlawfully discharged in 1989 in violation of 42 U.S.C. Sec. 1981. Protection against racial discrimination in the making and enforcement of contracts is provided by 42 U.S.C. Sec. 1981. In Patterson v. McLean Credit Union, 491 U.S. 164 (1989), the Supreme Court held that Sec. 1981 applied to "the refusal to enter into a contract with someone, as well as the offer to make a contract only on discriminatory terms." Id. at 177. The Court refused to extend Sec. 1981 protection to conduct occurring after the contractual relationship had been established, "including breach of the terms of the contract...." Id. Thus, after Patterson an allegation of discriminatory discharge did not state a claim under Sec. 1981. Williams v. First Union Nat'l Bank, 920 F.2d 232, 234 (4th Cir.1990), cert. denied, 500 U.S. 953 (1991).
 
 
 6
 Partly in response to Patterson, Congress amended Sec. 1981 to clarify that it applied to private parties and those acting under color of state law, and to expand its reach to the "making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." Civil Rights Act of 1991, Pub.L. No. 102-166, Sec. 101 (codified as 42 U.S.C. Sec. 1981(b)). Accordingly, as amended, Sec. 1981 provides protection against conduct occurring after the formation of an employment contract, including discriminatory discharge. The Supreme Court recently ruled, however, that Sec. 101 of the congressional amendment to Sec. 1981 does not apply retroactively to conduct occurring prior to its effective date. Rivers v. Roadway Express, 62 U.S.L.W. 4271, 4275 (U.S.1994). Hence, any claims of discriminatory discharge occurring prior to November 21, 1991 are subject to the Supreme Court's decision in Patterson, and are not cognizable under Sec. 1981. Id.
 
 
 7
 Dixon's claim of discriminatory discharge arose from his termination in 1989. Thus, the conduct complained of occurred prior to the effective date of the congressional amendments and is foreclosed by the Supreme Court's decision in Patterson. The district court, therefore, correctly dismissed this claim.
 
 
 8
 Similarly, Dixon's claim that he had a due process property right in continued employment was properly dismissed. The procedural safeguards encompassed by the Due Process Clause in discharge cases extend only to continued employment in which the employee has a property interest. See Board of Regents v. Roth, 408 U.S. 564, 578 (1972). The property right must be based on a legitimate claim of entitlement to the employment under applicable state law. Bishop v. Wood, 426 U.S. 341, 344 (1976). The requisite entitlement can be based on an explicit contract or on state statutes that extend some formal guarantee of continued employment. Absent such a specifically grounded expectation of continued employment, an employment agreement in North Carolina establishes only an "at-will" relationship. Pittman v. Wilson County, 839 F.2d 225, 228-29 (4th Cir.1988).
 
 
 9
 Dixon's claim fails because he did not allege an entitlement based on contract or state statute. Dixon merely alleged this right existed because of the length of his employment, his education, and his experience. Dixon conceded in his response to the Defendant's motion to dismiss, however, that he served at the pleasure of the city manager. Accordingly, by his own admission, Dixon did not have a legitimate claim of entitlement to continued employment and this claim was properly dismissed.
 
 
 10
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 11
 AFFIRMED.